Filed 11/5/13  P. v. Dollar CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURIE DANA DOLLAR,<br><br>    Defendant and Appellant. | B244830<br><br>(Los Angeles County<br>Super. Ct. No. NA093168) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James Otto, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Defendant Laurie Dana Dollar appeals from the judgment entered following her no contest plea to two counts of sale or transport of a controlled substance, cocaine base (Health & Saf. Code, § 11352, subd. (a)), for which the trial court imposed a five-year prison term. On appeal, she contends that the trial court erred by imposing a jail booking fee as part of her sentence without making a finding on her ability to pay the fine. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

After Dollar engaged in two hand-to-hand sales of rock cocaine, the District Attorney charged her in a felony complaint with two counts of selling or transporting cocaine base, with a special allegation as to both counts that she had suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). Represented by counsel, Dollar waived her rights to a preliminary hearing and to a jury trial, entered an open plea of no contest to the charges, and admitted the prior strike conviction. The trial court sentenced Dollar to two concurrent state prison terms of five years and dismissed the prior strike allegation for purposes of sentencing (*id*., § 1385).

The trial court ordered Dollar to pay on each count a $40 court security fee (Pen. Code, § 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $50 lab fee (Health & Saf. Code, § 11372.5). The court imposed a $240 restitution fine (Pen. Code, § 1202.4) and imposed and suspended a $240 parole revocation fine (*id.*, § 1202.45). The court also ordered Dollar to "pay booking fees to the arresting agency [Long Beach Police Department] in the amount of $266.52, if applicable."

## DISCUSSION

Dollar argues that the trial court failed to find she had the ability to pay the $266.52 jail booking fee and that there is insufficient evidence to support such a finding. Dollar did not object when the court ordered her to pay the fee pursuant to Government Code section 29550.1, which authorizes the trial court to order a convicted defendant to reimburse the arresting agency for any jail booking fee ("criminal justice administration fee") imposed by the county.

"Three statutes address defendants' payment of jail booking fees, Government Code sections 29550, 29550.1, and 29550.2. Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail. The factors a court considers in determining whether to order the fee payment also vary depending on whether or not the court sentences the defendant to probation or prison. (See Gov. Code, §§ 29550, subd. (d)(1) & (2), 29550.1, 29550.2, subd. (a).[1])" (*People v. McCullough* (2013) 56 Cal.4th 589, 592.)

Section 29550, subdivision (a)(1), provides that "a county may impose a fee upon a city, special district, school district, community college district, college, or university for reimbursement of county expenses incurred with respect to the booking or other processing of persons arrested by an employee of that city, special district, school district, community college district, college, or university, where the arrested persons are brought to the county jail for booking or detention." The city, district, or other agency may then recover this fee from the defendant pursuant to section 29550.1 or section 29550.2, depending on the arresting agency. Subdivision (d)(2) of section 29550 requires the court to consider a convicted defendant's ability to pay this fee, but only "as a condition of probation."

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

Section 29550.1 provides: "Any city, special district, school district, community college district, college, university, or other local arresting agency whose officer or agent arrests a person is entitled to recover any criminal justice administration fee imposed by a county from the arrested person if the person is convicted of any criminal offense related to the arrest. A judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person . . . ." Section 29550.1 does not have a requirement that the court consider the convicted defendant's ability to pay the fee.

Section 29550.2 provides: "Any person booked into a county jail pursuant to any arrest by any governmental entity not specified in Section 29550 or 29550.1 is subject to a criminal justice administration fee for administration costs incurred in conjunction with the arresting and booking if the person is convicted of any criminal offense relating to the arrest and booking. . . . If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person . . . ."[2] Section 29550.2 includes a requirement that the court consider the convicted defendant's ability to pay the fee.

Although the trial court did not identify the statute pursuant to which it was assessing the jail booking fee, the parties agree it was section 29550.1 because Long Beach Police Department officers arrested Dollar. Section 29550.1 does not require the court to consider the defendant's ability to pay. The ability to pay requirement of section 29550, subdivision (d)(2), does not apply because the trial court sentenced Dollar to prison, not probation. Therefore, the trial court did not err in imposing the jail booking fee without considering Dollar's ability to pay.

Moreover, even if section 29550.2 applied, or if we were to read an ability to pay requirement into section 29550.1, Dollar forfeited her claim on appeal by failing to object to the jail booking fee or raise the issue of her ability to pay the fee at the time of

---

[2] The California Highway Patrol is an example of an entity governed by section 29550.2, because it is not covered by section 29950.1.

4

sentencing.  In *People v. McCullough*, *supra*, 56 Cal.4th 589, the California Supreme Court held that a defendant's failure to object to the imposition of a jail booking fee imposed pursuant to section 29550.2 forfeits any claim that the defendant lacked the ability to pay the fee.  The court concluded the defendant's financial ability to pay the fee was a question of fact, not law.  (*McCullough*, *supra*, at p. 597.)  The court held that a "[d]efendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.'  [Citation.]  By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.'  [Citations.]  . . .  [B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal."  (*Ibid.*; see *People v. Valenzuela* (2013) 220 Cal.App.4th 159, 167 [defendant's factual inability to pay all or part of crime prevention fine imposed pursuant to Penal Code section 1202.5 and associated penalty assessment is forfeited if not raised in the trial court].)  As the court in *Valenzuela* explained:  "What a particular defendant can realistically afford will depend on his or her assets and forseeable sources of income, the length of any incarceration, and the amount of victim restitution, fines, fees, assessments, and penalties imposed.  Such issues can rarely be determined as a matter of law on appeal . . . ."  (*Valenzuela*, *supra*, at pp. 166-167.)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.*


We concur:


PERLUSS, P. J.


WOODS, J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.